**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:13-cv-00077-MR
[CRIMINAL CASE NO. 1:09-cr-00013-MR-5]**

| | |
|---|---|
| REGINALD LAMOND FIELDS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate under 28 U.S.C. § 2241; Alternative Petition for Writ of Error *Coram Nobis*; and Alternative Petition for a Writ of *Audita Querela* [Doc. 1].

On March 6, 2015, the Petitioner, through counsel, filed a motion to reduce his sentence in his criminal case pursuant to 18 U.S.C. § 3582 and Guidelines Amendments 780/782. [Criminal Case No. 1:09-cr-00013-MR-5 ("CR"), Doc. 769]. The Government filed a response in support of Petitioner's motion on March 16, 2015. [CR Doc. 772]. On March 17, 2015, the Court granted the Petitioner's § 3582 motion and reduced his sentence to time served. [CR Doc. 773]. The Petitioner has been released from

confinement and has begun his ten-year term of supervised release imposed as a part of his original sentence. [See CR Doc. 485 at 3].

In this matter, the Petitioner seeks resentencing without the application of the mandatory minimum result from the filing of a 21 U.S.C. § 851 Information in his criminal case. [See CR Doc. 158]. As his basis for seeking such relief, the Petitioner contends that his underlying North Carolina drug trafficking conviction is not a predicate "felony drug offense," as defined by 21 U.S.C. § 802(44), citing United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). [Doc. 1 at 2].

The Court concludes that the Petitioner's North Carolina drug trafficking conviction identified in the Government's § 851 notice and does not constitute a "felony drug offense" in light of Simmons. However, because Petitioner has previously sought relief pursuant to 28 USC § 2255 and was denied, relief is available at this point pursuant to § 2241 only to the extent that Petitioner's sentence was an illegal sentence. The question of whether Petitioner's term of imprisonment should be reviewed is moot because the Petitioner was released from prison in March 2015.[1] The Petitioner, however, remains subject to a term of supervised release. Without the application of the enhanced statutory range the supervised release penalties

---

[1] It is noted that Petitioner's term of imprisonment was within the correct statutory range.

applicable to the Petitioner pursuant to 21 U.S.C. § 841(b)(1)(A) (the statutory provision governing Petitioner's offense of conviction) are reduced. See United States v. Fair, No. 14-4714, slip op. at 6-7 (4th Cir. May 11, 2015) (unpublished) (defendant who was resentenced without application of Simmons-infirm § 851 notice entitled to receive reduced mandatory supervised release term under 21 U.S.C. § 841). Accordingly, the Petitioner's Judgment should be amended to impose a term of supervised release of five (5) years.

**IT IS, THEREFORE, ORDERED** that the Petitioner's Petition [Doc. 1] is **GRANTED**, and the ten-year term of supervised release imposed in the Petitioner's original Judgment [Criminal Case No. 1:09-cr-00013-MR-5, Doc. 485] is hereby **VACATED** and shall be **AMENDED** to state that the Petitioner shall be placed on a term of supervised release for a period of five (5) years.

The Clerk of Court is respectfully directed to prepare an Amended Judgment consistent with this Order.

**IT IS SO ORDERED.**

Signed: May 20, 2015

Martin Reidinger
United States District Judge